Sam BUSH and Jennifer Bush, Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, Defendant.

No. CIV. 00–605–JO.

United States District Court, D. Oregon.

Nov. 8, 2000.

**1204**

Jeffrey W. Hansen, Paul Eberhardt, Smith Freed Heald & Chock, Portland, OR, for plaintiffs.

Dianne K. Dailey, Bullivant Houser Bailey, Portland, OR, for defendant.

## OPINION AND ORDER

ROBERT E. JONES, District Judge.

Plaintiffs Jennifer and Sam Bush ("the Bushes") bring this action against defendant State Farm Fire and Casualty Company ("State Farm") alleging claims resulting from State Farm's refusal to defend and indemnify the Bushes in a lawsuit arising out of the Bushes' previously-owned residence.[1] This case is now before the court on the parties' cross-motions for summary judgment ( 5,8). For the reasons explained below, defendant's motion is GRANTED and plaintiffs' motions are DENIED.

## FACTUAL BACKGROUND

Before October 16, 1996, the Bushes owned a single-family residence located in Portland, Oregon ("the Lambert Street home"). On October 15, 1996, the Bushes sold the Lambert Street home to a trust for the benefit of Julie Upsher, who continued to live in the house with a second woman, Kristin Dilworth.

The Bushes have had a homeowners' insurance policy with State Farm since February 16, 1996, or approximately eight months before they sold the Lambert Street home. The "Declarations Page" of the State Farm policy lists the "residence premises" as 12000 NW Big Fir Circle, Portland, OR ("the Big Fir Circle home"), and does not mention the Lambert Street home. It appears that the Bushes insured the Lambert Street home with Ohio Casualty Insurance Company ("Ohio Casualty"), but that policy is not part of the record before the court.[2]

In October 1998, Dilworth sued the Bushes in Multnomah County Circuit Court alleging that she was injured as a result of the Bushes' negligence in repairing and remodeling certain electrical equipment in the Lambert Street home. Specifically, Dilworth alleged that she had suffered electrical shock when she came into contact with an electrical sub-panel inside the house. The Bushes tendered their defense to both State Farm and Ohio Casualty. State Farm rejected the tender of defense on the ground that the Lambert Street home was not covered by its policy. Ohio Casualty, however, did defend and indemnify the Bushes in the lawsuit. Eventually, the case settled for $47,500. The Bushes also incurred approximately $32,000 in attorney fees and costs in defending the lawsuit. It appears that Ohio Casualty paid both the settlement and attorney fees on behalf of the Bushes.[3]

---

1. The Bushes originally alleged two claims against State Farm: breach of contract and negligence. The Bushes withdrew the negligence claim (Claim 2), recognizing that it failed to state a claim under Oregon law.

2. At the summary judgment hearing, the Bushes' counsel explained that the Bushes had not notified Ohio Casualty when they sold the Lambert Street home and, consequently, the Ohio Casualty policy remained in effect through the time of Dilworth's accident.

3. The Bushes' counsel admitted in pleadings and at the hearing that Ohio Casualty retained him to pursue this action.

## THE PRESENT MOTIONS

The Bushes now seek summary judgment in their favor as to Claim 1 (breach of contract), or, in the alternative, partial summary judgment as to State Farm's duty to defend. The Bushes also seek dismissal of State Farm's first affirmative defense, that recovery is barred by Exclusion (II)(1)(d) of the policy. State Farm, in turn, seeks summary judgment in its favor as to Claim 1. In support of their respective motions, the parties proffer substantially different interpretations of the same policy language.

## STANDARD OF REVIEW

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge*, 865 F.2d 1539, 1542 (9th Cir.1989).

The substantive law governing a claim determines whether a fact is material. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 630 (9th Cir.1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. *T.W. Elec. Service*, 809 F.2d at 631. Inferences drawn from the facts are viewed in the light most favorable to the non-moving party. *Id.* at 630–31.

## DISCUSSION

This case involves a homeowners' insurance policy coverage dispute. Specifically, the case concerns whether the Bushes' general liability coverage under their policy with State Farm covers liability arising from Dilworth's injuries at the Lambert Street home even though only the Big Fir Circle home is identified in the policy Declarations. Because the issue is one of contract interpretation, a question of law, it is well-suited for summary judgment. *L.K. Comstock & Co. v. United Engineers and Constructors, Inc.*, 880 F.2d 219, 221 (9th Cir.1989).

1. *Insurance Policy Interpretation in Oregon*

 Under Oregon law, analysis of insurance coverage issues is based on the specific terms of the policy, not on the court's general concepts of what coverage various kinds of insurance should provide. *Martin v. State Farm Fire and Cas. Co.*, 146 Or.App. 270, 279, 932 P.2d 1207 (1997).

 In *Hoffman Construction Co. v. Fred S. James Co. of Oregon*, 313 Or. 464, 836 P.2d 703 (1992), the Oregon Supreme Court discussed the proper method for interpretation of an insurance policy. According to the court, "the primary and governing rule of the construction of insurance contracts is to ascertain the intent of the parties ... based on the terms and conditions of the insurance policy." *Hoffman*, 313 Or. at 469, 836 P.2d 703. In that case, as here, the parties offered competing interpretations of the same policy language. Although the *Hoffman* court acknowledged the general rule that ambiguous terms contained in insurance policies are to be construed against the insurer, the court elaborated that

a term is ambiguous in a sense that justifies application of the rule of construction against the insurer only if two or more plausible interpretations of that term withstand scrutiny, i.e. continues to be reasonable, after the interpretations are examined in the light of, among other things, the particular context in which that term is used in the policy and

the broader context of the policy as a whole.

*Hoffman,* 313 Or. at 470, 836 P.2d 703. Therefore, the interpretations of the specific policy provisions put forth by both the Bushes and by State Farm must be examined in the context of the policy as a whole to assess their reasonableness.

2. *Applicability of Exclusion (II)(1)(d)*

▮ The main focus of the parties' disagreement is on whether Exclusion (II)(1)(d) of the policy applies, thereby excluding from coverage Dilworth's claims arising from the Lambert Street home. Under "Coverage L" of the policy, which provides coverage for general liability,

> If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, [State Farm] will . . . pay up to [its] limit of liability for the damages for which the insured is legally liable; and . . . provide a defense at [its] expense. . . .

Plaintiffs' Memorandum in Support of Motion for Summary Judgment, Exhibit B, p. 17. Excluded from that broad liability coverage is

> bodily injury or property damage arising out of any premises *owned or rented to any insured* which *is not an insured location.*

*Id.* at p. 19 (emphasis added). Resolution of this case requires interpretation of the above policy language.

Although not stated in their summary judgment materials, the Bushes conceded at the summary judgment hearing that the Lambert Street home was never an "insured location," as that term is defined in the policy. They theorize, nonetheless, that the above exclusion does not apply to

Dilworth's claim because, by its terms, the exclusion applies only to property owned at the time of the "occurrence"[4] that is not an insured location. According to the Bushes, because they did not own the Lambert Street home at the time of Dilworth's injury and it was not an insured location, the exclusion does not apply.

Although the Bushes' argument is creative, I decline to accept it. The only reasonable interpretation of the policy language compels the conclusion that there is no coverage for injuries on property not owned by the insured, not covered in any manner as an insured location, not related somehow to any insured location, and not in any way arising out of activities contemplated by the express terms of the policy. Considering the language of Exclusion (II)(1)(d) within the context of the policy as a whole, as required under Oregon law, I find that to the extent that the State Farm policy provided any coverage related to the Lambert Street home, which is doubtful, the exclusion is properly interpreted as excluding coverage of liability arising from activities on locations owned or formerly-owned by an insured but never covered under the policy as an insured location, except as specifically contemplated by other express coverage in the policy. I do not find the temporal connection between the "occurrence" and the insured's ownership to be relevant or controlling for purposes of the Exclusion analysis, as urged by the Bushes. Exclusion (II)(1)(d) does not mention the word "occurrence." It merely excludes coverage for liability arising from ownership, past or present, of property that is "not an insured location."

The Bushes cite *Martin v. State Farm, supra,* 146 Or.App. 270, 932 P.2d 1207, in support of their interpretation. *Martin,* however, does not support their position.

---

4. The policy defines "occurrence" as follows: "*Occurrence,*" when used in Section II of this policy, means an accident, including exposure to conditions, which results in:
 a. bodily injury
 b. property damage

during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one occurrence. Plaintiffs' Memorandum in Support of Motion for Summary Judgment, Exhibit B, p. 17.

In *Martin,* an insured, who was the former owner of contaminated property and was sued by the present owners of the property to recover the costs of remediation, brought suit against the insurer who issued two separate liability policies to him. The first policy covered claims made or actions brought "against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence," but excluded from coverage such damage "arising out of the ... discharge ... of pollutants ... at or from premises owned, rented, or occupied by the ... insured." *Id.* at 273, 932 P.2d 1207.

The second policy covered any loss for which the insured was legally obligated to pay damages, excluding from coverage property damage "to your own property." That policy defined "loss" as "an accident that results in personal injury or property damage during the policy period." *Martin,* 146 Or.App. at 273, 932 P.2d 1207.

Concluding that the insurance company did not have a duty to defend the insured under either policy due to the two policy exclusions, the court cited the fact that "[the insured's] liability to the underlying plaintiffs was dependent on his having been an owner." *Id.* at 275, 932 P.2d 1207. The circumstances of this case are analogous to *Martin.* But for their ownership of the Lambert Street property, the Bushes would have never been sued by Dilworth. All of the allegations in the Dilworth complaint are premised on the fact that the Bushes owned the Lambert Street home at one time. Thus, under *Martin,* because the Bushes had "owned" the Lambert Street home, even though it was never an "insured location" covered by the State Farm policy, Exclusion (II)(1)(d) of the policy applies, barring coverage.

### CONCLUSION

Plaintiffs' motion for summary judgment and related motions (# 8) are DENIED. Defendant's motion for summary judgment (# 5) is GRANTED. Any other pending motions are denied as moot, and this action is dismissed.